# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| Willie Joe Sturkey, | ) | Civil Action No. 6:19-3137-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Magistrate Judge Hudson, Deputy Brogdon, and Unknown Constable, | ) | |
| Defendants. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the amended complaint be dismissed with prejudice for failing to state a claim on which relief can be granted. (Dkt. No. 13.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the amended complaint with prejudice and without issuance and service of process.

I. **Background**

Willie Sturkey proceeds *pro se* and *in forma pauperis* to allege pursuant to 42 U.S.C. § 1983 violations of his Fourth, Fifth, Ninth and Fourteenth Amendment rights. He alleges that Defendants Hudson[1] and Unknown Constable knowingly allowed Defendant Brogdon to serve an arrest warrant on Sturkey on September 9, 2019, which Sturkey alleges was an improper warrant under South Carolina law because Brogdon also provided its sworn statements. Brogdon then allegedly interrogated Sturkey without giving *Miranda* warnings. Sturkey also claims that he was denied *Brady* material until December 12, 2019, constituting malicious prosecution. He

---

[1] The Magistrate Judge liberally construes this *pro se* litigant's pleadings to name Hudson as a defendant, based on the substance of the allegations, even though Hudson is not named in the case caption. (Dkt. No. 13 at n.1.) The Court adopts that reasoning and conclusion.

seeks one million dollars in actual and punitive damages. (Dkt. No. 19 at 4-7.) He did not file an objection to the Magistrate Judge's R & R.

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews it to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

Sturkey filed the amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence a federal action without prepaying the administrative costs with proceeding with the lawsuit. The district court may dismiss such a complaint if it "fails to state a claim on which relief can be granted," is "frivolous or malicious," or "seeks monitory relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous where it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state acclaim when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Dismissal may be *sua sponte* if the claim is based on a meritless legal theory. 28 U.S.C. § 1915(e)(2)(B).

The Court finds that the Magistrate Judge correctly concluded that Sturkey's amended complaint is subject to dismissal. In order to state a cause of action under § 1983, a plaintiff must allege that a person acting under color of state or federal law deprived him of a federal right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Sturkey alleges that his Fourth Amendment right was violated by an illegal arrest, but he alleges no facts to establish an illegal arrest claim, which requires showing that the defendants "(1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Similarly, Sturkey alleges that his Fifth Amendment right was violated when he was not given *Miranda* warnings, but "an officer's mere failure to read *Miranda* warnings does not rise to the level of a constitutional violation and cannot support a claim under § 1983." *Reaves v. Richardson*, No. 4:09-cv-820-TLW-SVH, 2001 WL 2119318, at *3 (D.S.C. Mar. 1, 2011). Sturkey next alleges violation of his Ninth Amendment right; however, "the Ninth Amendment refers only to unenumerated rights, [but] claims under § 1983 must be premised on specific constitutional guarantees." *Bussy v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D. N.Y. 2006). Last, Sturkey alleges that he was denied exculpatory materials for seventy days, but does not allege these Defendants' conduct that lead to withholding the material. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint that offers only "naked assertion[s]" of a claim is not sufficient).

Because Sturkey failed to remedy the pleading deficiencies that remain in the amended complaint after a proper form order from the Magistrate Judge (Dkt. No. 6), his amended complaint is subject to dismissal with prejudice. *Workman v. Morrison Healthcare*, 724 Fed. Appx. 280 (4th Cir. June 4, 2018) (Table); *Mitchell v. Unknown*, 2018 WL 3387457 (4th Cir. July 11, 2018) (unpublished).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 13) as the order of the Court. The amended complaint (Dkt. No. 19) is **DISMISSED WITH PREJUDICE** and without issuance and service of process. This action counts as a strike pursuant to 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

March 18, 2020
Charleston, South Carolina